[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 20-12470

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DAMON DELVION COOPER,
a.k.a. Mike,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:14-cr-00014-HES-MCR-1

_____

Before GRANT, LUCK, and BRASHER, Circuit Judges.

PER CURIAM:

Damon Cooper, a federal prisoner who is currently serving a 72-month term of imprisonment, filed a pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), claiming that he had underlying health conditions that increased his risk of severe illness or death from COVID-19. Section 3582(c)(1)(A) permits a district court to reduce a term of imprisonment upon a defendant's motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The district court denied Cooper's motion without prejudice after concluding that Cooper had failed to exhaust his administrative remedies as § 3582(c)(1)(A) requires. Cooper unsuccessfully moved for reconsideration, and then appealed.

While his appeal was pending, Cooper filed a second motion for reconsideration. He stated that he submitted a request to his warden after the district court denied his initial motion for compassionate release and that more than 30 days passed before he received a response rejecting his request. The district court construed his second motion for reconsideration as a renewed motion for compassionate release. The court concluded that Cooper had satisfied the exhaustion requirement by submitting a

request to the warden and waiting at least 30 days before filing the motion. It then denied the motion on the merits, concluding that he did not show "extraordinary and compelling reasons" for a sentence reduction and that the sentencing factors under 18 U.S.C. § 3553(a) did not support a reduction. *See id.*

Cooper's appeal challenges the district court's denial of his initial motion for compassionate release and his first motion for reconsideration, not its denial of his renewed motion for compassionate release on the merits. We are obligated to assess whether we have jurisdiction over this appeal, which is a question of law that we review de novo. *See Hall v. Sec'y, Alabama*, 902 F.3d 1294, 1297 (11th Cir. 2018); *United States v. Petrie*, 302 F.3d 1280, 1283 (11th Cir. 2002). A case becomes moot "when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Hall*, 902 F.3d at 1297 (quotation omitted). The relief Cooper seeks in his appeal is a remand for the district court to rule on the merits of his motion for compassionate release. Because he has already received a ruling on the merits—the relief he now seeks—the appeal is moot.

Cooper contends that the appeal is not moot because the district court's erroneous denial of his motion could aid him in a later request for early termination of supervised release, which creates "a concrete interest, however small," in the outcome of the appeal. *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quotation omitted). But any decision this Court made as to whether Cooper initially satisfied the exhaustion requirement would have no effect

on the district court's denial of his renewed motion on the merits, which Cooper does not challenge here.

Cooper also argues that an exception to the mootness doctrine applies because the case is capable of repetition, yet evading review. *See Hall*, 902 F.3d at 1297. We disagree. The issue he highlights—what satisfies the requirement under § 3582(c)(1)(A) that 30 days must lapse from the time the warden receives a request to bring a motion on the defendant's behalf—is not "in its duration too short to be fully litigated prior to its cessation or expiration." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001) (quotation omitted). That question will be reviewable whenever a district court, without ruling on the merits, denies a motion for compassionate release on the ground that the motion was filed before the required lapse of time had occurred. The appeal therefore does not fall within this narrow exception. *See id.*

The appeal is **DISMISSED** for lack of jurisdiction.[1]

---

[1] An earlier panel of this Court denied the government's motion to dismiss the appeal as moot, but that ruling is not binding here. *See* 11th Cir. R. 27-1(g).